UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a
non-profit corporation,

                              NO. CIV. S-10-3203 LKK/CKD

      Plaintiff,

  v.

                              O R D E R

BUTTE COUNTY DEPARTMENT
OF PUBLIC WORKS, et al.,

      Defendants.
_____/

    Plaintiff California Sportfishing Protection Alliance and Defendants Butte County Department of Public Works, Mike Crump, and Shawn H. O'Brien have filed a stipulation to approve a consent agreement and to dismiss Plaintiff's claims with prejudice, as well as a corresponding proposed order. Stipulation & Order, ECF No. 21 (Sept. 30, 2011).

    The U.S. Department of Justice, Environment and Natural Resources Division, filed a letter notifying the court that it does not object to entry of the proposed consent agreement. Letter, ECF

No. 20 (Sept. 28, 2011). However, in response to paragraph 10 of the proposed consent agreement, the government's letter stated:

> [T]he Rose Foundation will receive a payment of $40,000 under this consent judgment for a supplemental environmental project ("SEP") to improve water quality in Butte Creek and downstream watersheds, including but not limited to Butte Creek, the Sacramento River, and/or the Sacramento-San Joaquin River Delta. The United States notes that, in general, Settlement Agreements including SEPs should specify a particular project or type of project that the SEP funds will be used for, particularly where a significant monetary contribution is involved, as here. The project should have a sufficient nexus to the alleged violation. . . . Similarly, the United States encourages the parties to specify projects that are in the immediate geographic area of the alleged violations; here, "Butte Creek, the Sacramento River, and/or the Sacramento-San Joaquin River Delta" describes a very large area that may not ensure that the selected project will be within the immediate geographic area of the alleged violation. By designating a specific project or type of project, or a more limited geographic area, the parties better enable the United States and the Court to evaluate the appropriateness of the proposed Settlement Agreement.

Id. at 1-2 (internal citations omitted) (emphasis added).

The court ORDERS Plaintiff and Defendants to each file letters to the court or, in the alternative, to file a joint letter, within seven (7) days providing their responses to this portion of the government's letter. In their letters, the parties are directed to address whether or not they are able to reach an agreement specifying a particular project that the SEP funds will be used for and specifying projects that are in the immediate geographic area of the alleged violations. If the parties are able to reach an

agreement as to these issues, the parties are directed to file a revised stipulation and proposed order to approve the consent agreement and to dismiss Plaintiff's claims, as well as a revised proposed consent agreement.

Accordingly, the court ORDERS as follows:

[1] Plaintiff and Defendants shall each file letters to the court or, in the alternative, the parties shall file a joint letter, within seven (7) days providing their responses to the aforementioned portion of the government's letter.

IT IS SO ORDERED.

DATED:   October 25, 2011.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3