1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10 CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a
11 non-profit corporation,

NO. CIV. S-10-3203 LKK/CKD

12

            Plaintiff,
13

        v.

14                                              O R D E R

BUTTE COUNTY DEPARTMENT
15 OF PUBLIC WORKS, et al.,

16          Defendants.

17 _____/

18     Plaintiff  California  Sportfishing  Protection  Alliance  and

19 Defendants Butte County Department of Public Works, Mike Crump, and

20 Shawn  H.  O'Brien  have  filed  a  stipulation  to  approve  a  consent

21 agreement and to dismiss Plaintiff's claims with prejudice, as well

22 as a corresponding proposed order.  Stipulation & Order, ECF No. 21

23 (Sept. 30, 2011).

24     The  U.S.  Department  of  Justice,  Environment  and  Natural

25 Resources Division, filed a letter notifying the court that it does

26 not object to entry of the proposed consent agreement.  Letter, ECF

1

No. 20 (Sept. 28, 2011).  However, in response to paragraph 10 of the proposed consent agreement, the government's letter stated:

> [T]he Rose Foundation will receive a payment of $40,000 under this consent judgment for a supplemental environmental project ("SEP") to improve water quality in Butte Creek and downstream watersheds, including but not limited to Butte Creek, the Sacramento River, and/or the Sacramento-San Joaquin River Delta. The United States notes that, in general, Settlement Agreements including SEPs should specify a particular project or type of project that the SEP funds will be used for, particularly where a significant monetary contribution is involved, as here.  The project should have a sufficient nexus to the alleged violation. . . .  Similarly, the United States encourages the parties to specify projects that are in the immediate geographic area of the alleged violations; here, "Butte Creek, the Sacramento River, and/or the Sacramento-San Joaquin River Delta" describes a very large area that may not ensure that the selected project will be within the immediate geographic area of the alleged violation.  By designating a specific project or type of project, or a more limited geographic area, the parties better enable the United States and the Court to evaluate the appropriateness of the proposed Settlement Agreement.

Id. at 1-2 (internal citations omitted) (emphasis added).

The court ORDERS Plaintiff and Defendants to each file letters to the court or, in the alternative, to file a joint letter, within seven (7) days providing their responses to this portion of the government's letter.  In their letters, the parties are directed to address whether or not they are able to reach an agreement specifying a particular project that the SEP funds will be used for and specifying projects that are in the immediate geographic area of the alleged violations.  If the parties are able to reach an

1  agreement as to these issues, the parties are directed to file a

2  revised stipulation and proposed order to approve the consent

3  agreement and to dismiss Plaintiff's claims, as well as a revised

4  proposed consent agreement.

5        Accordingly, the court ORDERS as follows:

6              [1] Plaintiff and Defendants shall each file letters to

7              the court or, in the alternative, the parties shall file

8              a joint letter, within seven (7) days providing their

9              responses to the aforementioned portion of the

10             government's letter.

11       IT IS SO ORDERED.

12       DATED:  October 25, 2011.

13

14

15                                   _____
                                     LAWRENCE K. KARLTON
16                                   SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
17

18

19

20

21

22

23

24

25

26

                                     3